**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:22-cv-61732-JAL

DAVID I. ALTMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** comes before the Court on Petitioner David I. Altman's Application to Proceed on Appeal Without Prepayment of Fees or Costs (ECF No. 6). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), by the Honorable Joan A. Lenard, United States District Judge (ECF No. 8). Upon consideration of the Application and being otherwise duly apprised of the circumstances, the undersigned hereby **RECOMMENDS** that Petitioner's Application (ECF No. 6) be **DENIED**.

    Petitioner seeks to appeal the District Court's order dismissing his Petition for Writ of Error Coram Nobis ("Petition") (ECF No. 1-1). However, Petitioner represents that he is financially unable to pay the required filing fee to appeal. (ECF No. 6 at 5). It is fundamental to our system of justice that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. A court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners,*

*Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

Section 1915 sets forth certain financial requirements for a litigant seeking to proceed *in forma pauperis*, but even a litigant who meets those requirements will be precluded from taking an appeal *in forma pauperis* where the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). As other courts in this District have found, "a defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous." *United States v. Groover*, No. 13-80038-CR, 2014 WL 12908210, at *1 (S.D. Fla. Apr. 14, 2014) (internal quotations and citations omitted). Under Eleventh Circuit precedent, those appeals "without arguable merit" are deemed frivolous. *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

Although the courthouse doors will not be closed to Petitioner based on his inability to pay a filing fee, the Court does not find that the Petition was taken in good faith pursuant to Section 1915(a)(3), thus, denial of the Application is warranted.

At the outset, it is pertinent to highlight that this is not Petitioner's first time seeking such underlying relief. On three separate occasions, Petitioner has generally argued that 18 U.S.C. §§ 2252A and 2256 are unconstitutionally ambiguous because the term "visual depiction" can be interpreted in multiple ways, at least one of which that does not give rise to criminal conduct. (ECF No. 1-1 at 9–15); *see Altman v. United States*, 04-61198-Civ-Lenard (ECF No. 1) (S.D. Fla. Sept. 15, 2004) ("*Altman I*"); *United States v. Altman*, 00-06284-Cr-Lenard (ECF No. 55) (S.D. Fla. Aug. 31, 2006) ("*Altman II*"); *United States v. Altman*, 00-06284-Cr-Lenard (ECF No. 94) (S.D. Fla. May 14, 2021) ("*Altman III*").

*Altman II* and *Altman III* are most germane to the Court's evaluation of the Application. In *Altman II*, Petitioner, then-incarcerated, filed what is styled as a Motion for Relief Pursuant to

Federal Rule of Civil Procedure Rule 60(b)(4).  No. 00-06284-Cr-Lenard (ECF No. 55).  In that case, the District Court summarily denied the Rule 60(b)(4) Motion without prejudice on the grounds that Petitioner was asserting a habeas claim.  Petitioner filed a Motion for Reconsideration which the District Court denied.  *Id.* (ECF No. 61).  Petitioner then appealed the District Court's ruling on the Rule 60(b)(4) Motion to the United States Court of Appeals for the Eleventh Circuit.

In *Altman v. United States*, 271 F. App'x 944 (11th Cir. 2008), the Eleventh Circuit affirmed the District Court's order, holding that the District Court "did not err in denying Altman's Rule 60(b) motion to void his criminal judgment because such relief is not available under Rule 60(b)." *Id.* at 945.  The Eleventh Circuit also found that construing the Motion as a successive habeas petition still would not afford Altman relief because his subsequent motion for a certificate of appealability following the denial of his Section 2255 petition was denied, thus, he failed to fulfill the procedural requirements necessary for a successive habeas petition.  *Id.* (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)); 28 U.S.C. § 2244(b)(3)(A).  Finally, the Eleventh Circuit declined to address the merits of Altman's claim under the plain error standard of review because a Rule 60(b) motion was not the proper motion for attacking a criminal judgment.  *Altman*, 271 F. App'x at 945.

In *Altman III*, Petitioner filed what is styled as a Memorandum in Support of Petition for Writ of Error Coram Nobis, arguing again that 18 U.S.C. §§ 2252A and 2256 are unconstitutionally ambiguous because the term "visual depiction" has multiple meanings, one of which that would not constitute criminal conduct.  No. 00-06284-Cr-Lenard (ECF No. 94).

A federal court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  A writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances

where necessary to achieve justice. *See United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997). A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." *United States v. Mayer*, 235 U.S. 55, 69 (1914).

The District Court denied the petition in *Altman III*, finding that "coram nobis relief is not available to Defendant because his claim could have been raised on appeal or in an earlier motion under 28 U.S.C. § 2255." No. 00-06284-Cr-Lenard (ECF No. 95 at 7) (citing *United States v. Woods*, 828 F. App'x 585, 588 (11th Cir. 2020)). Petitioner subsequently filed a Notice of Appeal, *Id.* (ECF No. 101), accompanied by a Motion for Leave to Appeal *in Forma Pauperis*. *Id.* (ECF No. 105). The District Court, adopting the undersigned's Report and Recommendation, *id.* (ECF No. 107), denied Petitioner's Motion to Appeal *in Forma Pauperis*. *Id.* (ECF No. 108). The Eleventh Circuit dismissed the appeal for want of prosecution because "[Petitioner] failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the court of appeals within the time fixed by the rules." *Id.* (ECF No. 111).

Instead of filing a motion to reopen the appeal in the Eleventh Circuit in *Altman III*, Petitioner refiled what is essentially the same Petition for Writ of Error Coram Nobis in this Court. (ECF No. 1). In addition to copying language verbatim from the petition in *Altman III*, Petitioner presents two new arguments: the District Court deliberately ignored the record by stating Petitioner had not raised the claim that 18 U.S.C. §§ 2252A and 2256 are unconstitutionally ambiguous, and the District Court failed to deliver court orders to Petitioner. The District Court addressed each argument in turn.

As to the first new argument Petitioner raises—that the District Court ignored the underlying record of the case—the District Court "explicitly acknowledged that Petitioner had <u>twice</u> raised the same issue before." (*Id.* at 5) (citing *Altman III*, Case No. 00-06284-Cr-Lenard

(ECF No. 95, at 3–5)) (emphasis in original).  As to Petitioner's second new argument—that the District Court failed to deliver several court orders to Petitioner—the District Court's Order noted that all court orders and notices were appropriately served upon Petitioner, by conventional mail, to Petitioner's address on file with the Clerk of Court.  (*Id.*).

Apart from the two new arguments, the District Court found that the Petition is "essentially a verbatim reproduction of the Petition [Altman] filed in *Altman III*."  (*Id.* at 4).  Thus, the District Court dismissed the Petition "as duplicative of the Petition filed in *Altman III*, which the Court considered and denied."  (ECF No. 3 at 6).

After finding Petitioner's two new arguments without merit and dismissing the Petition as duplicative, the District Court also considered whether the Petition could be construed as a Motion for Reconsideration of the Order denying the Petition in *Altman III*.  To the extent that the Petition may be construed as a Motion for Reconsideration, the District Court found that "Petitioner has not demonstrated that reconsideration is merited under the governing standards."  (*Id.*).  The District Court's Order ruled as follows:

> Petitioner has not argued or established that the Court committed a manifest error of law or fact, and he has not presented any newly-discovered evidence.  Therefore, to the extent that the instant Petition can be construed as a motion to reconsider the Court's Order denying the Petition in *Altman III*, it is denied.

(ECF No. 3 at 7).

Apart from the two additional arguments in the Petition, the fact remains that "[t]he Petition is virtually identical to three previous filings made by Petitioner." (ECF No. 3 at 2).  In the District Court's Order dismissing the petition in *Altman III*, the Court found that coram nobis relief is not available to Petitioner because his claim could have been raised on appeal or in an earlier motion under 28 U.S.C. § 2255.  *See United States v. Woods*, 828 F. App'x 585, 588 (11th Cir. 2020).  The District Court acknowledged that the rationale for dismissing the petition in *Altman III* applies

directly to the instant case and underlying Petition. (ECF No. 3 at 6).

In light of the duplicity of Petitioner's filings and the procedurally deficient nature of the Petition, this Court cannot now certify that Petitioner's appeal is taken in good faith. *See Bailey v. Deutsche Bank*, No. 1:18-CV-00273-SCJ, 2020 WL 13526602, at *3 (N.D. Ga. Feb. 3, 2020) (denying the plaintiffs' motions to reopen and to appeal IFP on the basis that the plaintiffs' notices of appeal were duplicative, frivolous, and lacking merit in either law or fact). Accordingly, the undersigned hereby **RECOMMENDS** that Petitioner's Application to Proceed on Appeal Without Prepayment of Fees or Costs (ECF No. 6) be **DENIED.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** this 2nd day of December, 2022, at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE